Keith J. Miller
Bradley A. Suiters
ROBINSON MILLER LLC
Ironside Newark
110 Edison Place, Suite 302
Newark, NJ 07102
(973) 690-5400
kmiller@rwmlegal.com
bsuiters@rwmlegal.com

*Attorneys for Plaintiffs*
*Actelion Pharmaceuticals Ltd and*
*Actelion Pharmaceuticals US, Inc.*

### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| ACTELION PHARMACEUTICALS LTD and ACTELION PHARMACEUTICALS US, INC.,<br><br>Plaintiffs,<br><br>v.<br><br>SEASONS BIOTECHNOLOGY (TAIZHOU) CO. LTD., XIAOXIONG WEI, NOVUGEN PHARMA SDN. BHD., NOVUGEN ONCOLOGY SDN. BHD., and NOVUGEN PHARMA (USA) LLC,<br><br>Defendants. | **Civil Action No. _____**<br><br>**COMPLAINT**<br>**FOR PATENT INFRINGEMENT**<br><br>**(Filed Electronically)** |

Plaintiffs Actelion Pharmaceuticals Ltd ("Actelion Ltd") and Actelion Pharmaceuticals US, Inc. ("Actelion Inc.") (collectively, "Actelion" or "Plaintiffs"), for their Complaint against Defendants Seasons Biotechnology (Taizhou) Co. Ltd. ("Seasons"), Xiaoxiong Wei ("Wei"), Novugen Pharma Sdn. Bhd., Novugen Oncology Sdn. Bhd., and Novugen Pharma (USA) LLC (collectively, "Novugen") (all Defendants collectively, "Defendants"), hereby allege as follows:

# THE PARTIES

1. Plaintiff Actelion Ltd is a Swiss corporation having a primary place of business at Gewerbestrasse 16, CH-4123 Allschwil, Switzerland.

2. Plaintiff Actelion Inc. is a corporation organized and existing under the laws of the State of Delaware, having a principal place of business at 1125 Trenton-Harbourton Road, Titusville, New Jersey 08560.

3. Upon information and belief, Defendant Seasons is an entity organized and existing under the laws of China, with a principal place of business at Room 213, Building 3, 618 Shifu Avenue West, Jiaojiang District, Taizhou, Zhejiang, 318012, China.

4. Upon information and belief, Defendant Wei resides at 10917 Cartwright Place, North Potomac, Maryland 20878 and 9246 Fox Sparrow Road, Tampa, Florida 33626.

5. Upon information and belief, Defendant Novugen Pharma Sdn. Bhd. is an entity organized and existing under the laws of Malaysia, having a principal place of business at No. 3, Jalan Jururancang U1/21, Hicom Glenmarie Industrial Park, 40150 Shah Alam, Selangor, Malaysia.

6. Upon information and belief, Defendant Novugen Oncology Sdn. Bhd. is an entity organized and existing under the laws of Malaysia, having a principal place of business at No. 3, Jalan Jururancang U1/21, Hicom Glenmarie Industrial Park, 40150 Shah Alam, Selangor, Malaysia.

7. Upon information and belief, Defendant Novugen Pharma (USA) LLC is an entity organized and existing under the laws of the state of Delaware, having a principal place of business at 100 Overlook Center, 2nd Floor, Princeton, New Jersey 08540.

**JURISDICTION AND VENUE**

8. This is a civil action for infringement of United States Patent Nos. 7,094,781 ("the '781 patent") and 10,946,015 ("the '015 patent") (collectively, "the patents-in-suit"). This action arises under the patent laws of the United States, 35 U.S.C. §§ 100 *et seq.*, as well as the Declaratory Judgment Act, 28 U.S.C. §§ 2201-02.

9. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331, 1338(a), 2201-02, and 35 U.S.C. § 271. This Court may declare the rights and other legal relations of the parties under 28 U.S.C. §§ 2201-02 because this case is an actual controversy within the Court's jurisdiction.

10. Upon information and belief, Seasons develops, manufactures, markets, distributes, sells, and/or imports generic pharmaceutical versions of branded products throughout the United States, including in this Judicial District.

11. Upon information and belief, Wei is the authorized U.S. Agent for Seasons' regulatory submission to the United States Food and Drug Administration ("FDA") of Abbreviated New Drug Application ("ANDA") No. 211026.

12. Upon information and belief, Seasons and Wei filed or caused to be filed ANDA No. 211026 with the FDA.

13. Upon information and belief, Novugen develops, manufactures, markets, distributes, sells, and/or imports generic pharmaceutical versions of branded products throughout the United States, including in this Judicial District.

14. Novugen represented to Actelion that Novugen will be the United States distributor for generic macitentan 10 mg oral tablets that are the subject of ANDA No. 211026 ("the ANDA Product").

15. Upon information and belief, Novugen is the planned United States distributor for the ANDA Product.

16. Upon information and belief, Novugen, through Novugen Pharma (USA) LLC, maintains a regular place of business in New Jersey, including 100 Overlook Center, 2nd Floor, Princeton, New Jersey 08540.

17. Upon information and belief, Novugen Pharma (USA) LLC is registered with the State of New Jersey's Division of Revenue and Enterprise Services as a business operating in New Jersey under Business ID No. 0600474121.

18. Upon information and belief, Novugen Pharma (USA) LLC is registered with the State of New Jersey's Department of Health as a drug manufacturer and wholesaler under Registration No. 5006109.

19. Upon information and belief, Defendants have each committed, aided, abetted, contributed to, and/or participated in the commission of acts of patent infringement, including acts in the State of New Jersey, which have led to foreseeable harm and injury to Actelion in the State of New Jersey.

20. Upon information and belief, Defendants will act in concert with each other with respect to the commercial manufacture, use, offer for sale, or sale within the United States, and/or importation into the United States, of the ANDA Product.

21. This Court has personal jurisdiction over Seasons because, *inter alia*, Seasons: (1) develops, manufactures, and/or imports generic pharmaceutical versions of branded products for sale and use throughout the United States, including in this Judicial District; (2) directly or indirectly maintains pervasive, continuous, and systematic contacts with this Judicial District, including the marketing, distribution, and/or sale of generic pharmaceutical products in this

Judicial District; (3) upon information and belief, derives substantial revenue from the sale of its products in the State of New Jersey; (4) upon information and belief, intends to, directly or indirectly through its subsidiary, agent, alter ego, and/or partner market, sell, or distribute the ANDA Product throughout the United States, including in the State of New Jersey; and (5) has committed acts of patent infringement pursuant to 35 U.S.C. § 271(e)(2)(A) that has led to foreseeable harm and injury to Plaintiffs in the State of New Jersey and throughout the United States.

22. Alternatively, this Court may exercise jurisdiction over Seasons pursuant to Fed. R. Civ. P. 4(k)(2) because, *inter alia*, (1) Actelion's claims arise under federal law; (2) Seasons is a foreign entity not subject to personal jurisdiction in any state's court of general jurisdiction; and (3) Seasons has sufficient contacts with the United States as a whole, including, but not limited to, by filing or causing to be filed various ANDAs to the FDA and manufacturing, importing, offering to sell, or selling pharmaceutical products throughout the United States, such that this Court's exercise of jurisdiction over Seasons satisfies due process.

23. This Court has personal jurisdiction over Wei because, *inter alia*, Wei: (1) is the authorized U.S. agent for Seasons, who develops, manufactures, and/or imports generic pharmaceutical versions of branded products for sale and use throughout the United States, including in this Judicial District; (2) directly or indirectly maintains pervasive, continuous, and systematic contacts with this Judicial District, including by the marketing, distribution, and/or sale of generic pharmaceutical products in this Judicial District including through collaboration with Seasons and/or Novugen; (3) upon information and belief, intends to, directly or indirectly through its subsidiary, agent, alter ego, and/or partner market, sell, or distribute the ANDA Product throughout the United States, including in the State of New Jersey; and (4) has committed acts of

patent infringement pursuant to 35 U.S.C. § 271(e)(2)(A) that has led to foreseeable harm and injury to Plaintiffs in the State of New Jersey and throughout the United States. Therefore, the exercise of personal jurisdiction by this Court over Wei comports with notions of fair play and substantial justice, *i.e.*, it would be reasonable.

24. This Court has personal jurisdiction over Novugen Pharma Sdn. Bhd. because, *inter alia*, Novugen Pharma Sdn. Bhd.: (1) maintains a regular place of business in New Jersey through Novugen Pharma (USA) LLC; (2) has purposely availed itself of the privilege of doing business in the State of New Jersey, directly and/or indirectly through its subsidiaries, agents, and/or alter egos; (3) maintains pervasive, continuous, and systematic contact with New Jersey, including the marketing, distribution, and/or sale of generic pharmaceutical products in New Jersey, directly and/or indirectly through its subsidiaries, agents, and/or alter egos; (4) upon information and belief, derives substantial revenue from the sale of its products in the State of New Jersey; (5) upon information and belief, intends to, directly or indirectly through its subsidiary, agent, and/or alter ego, including Novugen Pharma (USA) LLC, market, sell, or distribute the ANDA Product throughout the United States, including in the State of New Jersey; and (6) has committed acts of patent infringement pursuant to 35 U.S.C. § 271(e)(2)(A) that has led to foreseeable harm and injury to Plaintiffs in the State of New Jersey and throughout the United States.

25. Alternatively, this Court may exercise jurisdiction over Novugen Pharma Sdn. Bhd. pursuant to Fed. R. Civ. P. 4(k)(2) because, *inter alia*, (1) Actelion's claims arise under federal law; (2) Novugen Pharma Sdn. Bhd. is a foreign entity not subject to personal jurisdiction in any state's court of general jurisdiction; and (3) Novugen Pharma Sdn. Bhd. has sufficient contacts with the United States as a whole, including, but not limited to, by filing or causing to be filed various ANDAs to the FDA and manufacturing, importing, offering to sell, or selling

pharmaceutical products throughout the United States, such that this Court's exercise of jurisdiction over Novugen Pharma Sdn. Bhd. satisfies due process.

26.     This Court has personal jurisdiction over Novugen Oncology Sdn. Bhd. because, *inter alia*, Novugen Oncology Sdn. Bhd.: (1) maintains a regular place of business in New Jersey through Novugen Pharma (USA) LLC; (2) has purposely availed itself of the privilege of doing business in the State of New Jersey, directly and/or indirectly through its subsidiaries, agents, and/or alter egos; (3) maintains pervasive, continuous, and systematic contact with New Jersey, including the marketing, distribution, and/or sale of generic pharmaceutical products in New Jersey, directly and/or indirectly through its subsidiaries, agents, and/or alter egos; (4) upon information and belief, derives substantial revenue from the sale of its products in the State of New Jersey; (5) upon information and belief, intends to, directly or indirectly through its subsidiary, agent, and/or alter ego, including Novugen Pharma (USA) LLC, market, sell, or distribute the ANDA Product throughout the United States, including in the State of New Jersey; and (6) has committed acts of patent infringement pursuant to 35 U.S.C. § 271(e)(2)(A) that has led to foreseeable harm and injury to Plaintiffs in the State of New Jersey and throughout the United States.

27.     Alternatively, this Court may exercise jurisdiction over Novugen Oncology Sdn. Bhd. pursuant to Fed. R. Civ. P. 4(k)(2) because, *inter alia*, (1) Actelion's claims arise under federal law; (2) Novugen Oncology Sdn. Bhd. is a foreign entity not subject to personal jurisdiction in any state's court of general jurisdiction; and (3) Novugen Oncology Sdn. Bhd. has sufficient contacts with the United States as a whole, including, but not limited to, by filing or causing to be filed various ANDAs to the FDA and manufacturing, importing, offering to sell, or selling

pharmaceutical products throughout the United States, such that this Court's exercise of jurisdiction over Novugen Oncology Sdn. Bhd. satisfies due process.

28. This Court has personal jurisdiction over Novugen Pharma (USA) LLC because, *inter alia*, Novugen Pharma (USA) LLC: (1) has a principal place of business in New Jersey; (2) has purposely availed itself of the privilege of doing business in the State of New Jersey, including by, *inter alia*, registering with the State of New Jersey's Division of Revenue and Enterprise Services as a business operating in New Jersey under Business ID No. 0600474121 and registering with the State of New Jersey's Department of Health as a drug manufacturer and wholesaler under Registration No. 5006109; (3) maintains pervasive, continuous, and systematic contact with New Jersey; (4) upon information and belief, develops, manufactures, and/or imports generic pharmaceutical products for sale and use throughout the United States, including in New Jersey; (5) upon information and belief, derives substantial revenue from the sale of its products in the State of New Jersey; (6) upon information and belief, intends to, directly or indirectly, market, sell, or distribute the ANDA Product throughout the United States, including in the State of New Jersey; and (7) has committed acts of patent infringement pursuant to 35 U.S.C. § 271(e)(2)(A) that has led to foreseeable harm and injury to Plaintiffs in the State of New Jersey and throughout the United States.

29. Venue is proper in this Court as to Seasons under 28 U.S.C. §§ 1391(b), (c), and/or (d), and 1400(b) because, *inter alia*, Seasons is a foreign entity and may be sued in any judicial district in the United States in which Seasons is subject to the court's personal jurisdiction. Venue is proper for the additional reasons set forth above, and for other reasons that will be presented to the Court if such venue is challenged.

30. Venue is proper in this Court as to Wei under 28 U.S.C. §§ 1391(b) and/or (c), and 1400(b) because, *inter alia*, Wei submitted or caused to be submitted certifications under § 505(j)(2)(A)(vii)(IV) of the Federal Food, Drug and Cosmetic Act (21 U.S.C. § 355) ("Paragraph IV Certifications") with respect to the patents-in-suit seeking approval for the commercial manufacture, use, offer for sale, or sale within the United States, and/or importation into the United States, of the ANDA Product, including in this Judicial District, and therefore, has committed and will commit further acts of infringement in this Judicial District. Venue is proper for the additional reasons set forth above, and for other reasons that will be presented to the Court if such venue is challenged.

31. Venue is proper in this Court as to Novugen Pharma Sdn. Bhd. under 28 U.S.C. §§ 1391(b), (c), and/or (d), and 1400(b) because, *inter alia*, Novugen Pharma Sdn. Bhd. is a foreign entity and may be sued in any judicial district in the United States in which Novugen Pharma Sdn. Bhd. is subject to the court's personal jurisdiction. Venue is proper for the additional reasons set forth above, and for other reasons that will be presented to the Court if such venue is challenged.

32. Venue is proper in this Court as to Novugen Oncology Sdn. Bhd. under 28 U.S.C. §§ 1391(b), (c), and/or (d), and 1400(b) because, *inter alia*, Novugen Oncology Sdn. Bhd. is a foreign entity and may be sued in any judicial district in the United States in which Novugen Oncology Sdn. Bhd. is subject to the court's personal jurisdiction. Venue is proper for the additional reasons set forth above, and for other reasons that will be presented to the Court if such venue is challenged.

33. Venue is proper in this Court as to Novugen Pharma (USA) LLC under 28 U.S.C. §§ 1391(b), (c), and/or (d), and 1400(b) because, *inter alia*, Novugen Pharma (USA) LLC has a principal place of business in New Jersey, and has committed and will commit further acts of

infringement in this Judicial District. Venue is proper for the additional reasons set forth above, and for other reasons that will be presented to the Court if such venue is challenged.

34. Upon information and belief, the actions of Defendants of, *inter alia*, causing ANDA No. 211026 to be filed and maintaining distribution channels, including in the State of New Jersey, establish that if granted approval, Defendants will commercially manufacture, use, offer to sell, sell, and/or import the ANDA Product throughout the United States, including in New Jersey.

## THE PATENTS-IN-SUIT

35. Actelion Inc. holds approved New Drug Application ("NDA") No. 204410, under which the FDA granted approval on October 18, 2013 for macitentan 10 mg oral once-a-day tablets, marketed in the United States under the trade name OPSUMIT®.

36. OPSUMIT® (macitentan), approved in NDA No. 204410, is indicated for the treatment of pulmonary arterial hypertension (PAH, WHO Group I) in adults to reduce the risks of disease progression and hospitalization for PAH.

37. Actelion Inc. markets and sells OPSUMIT® in the United States.

38. Actelion Ltd owns the '781 patent, titled "Sulfamides and Their Use as Endothelin Receptor Antagonists." The '781 patent duly and legally issued on August 22, 2006. A copy of the '781 patent is attached as Exhibit A.

39. Actelion Ltd owns the '015 patent, titled "Stable Pharmaceutical Compositions Comprising a Pyrimidine-Sulfamide." The '015 patent duly and legally issued on March 16, 2021. A copy of the '015 patent is attached as Exhibit B.

40. Pursuant to 21 U.S.C. § 355(b)(1), the patents-in-suit are listed in the FDA publication titled *Approved Drug Products with Therapeutic Equivalence Evaluations* (also known as the "Orange Book"), as covering Actelion's OPSUMIT® brand macitentan tablets.

## ACTS GIVING RISE TO THE ACTION

41. Upon information and belief, Seasons and Wei have submitted or caused to be submitted ANDA No. 211026 to the FDA, seeking FDA approval for the commercial manufacture, use, offer for sale, or sale within the United States, and/or importation into the United States, of the ANDA Product.

42. Seasons sent a letter ("Seasons' Notice Letter") with respect to the patents-in-suit to Actelion, stating that Seasons filed ANDA No. 211026 seeking approval from the FDA to commercially manufacture, use, or sell the ANDA Product in the United States (including, upon information and belief, in the State of New Jersey) prior to the expiration of patents including the patents-in-suit.

43. Seasons' Notice Letter represented that ANDA No. 211026 included Paragraph IV Certifications, including with respect to the patents-in-suit.

44. Upon information and belief, Seasons and Wei filed or caused to be filed ANDA No. 211026 with the FDA.

45. Novugen represented to Actelion that Novugen will be the United States distributor for the ANDA Product.

46. Upon information and belief, Novugen is the planned United States distributor for the ANDA Product.

47. Separate and apart from certain contentions regarding patent validity, Seasons' Notice Letter with respect to the '781 patent does not identify any factual basis for, or any opinion of, noninfringement of Claims 1-11 of the '781 patent.

48. Upon information and belief, the ANDA Product for which Seasons seeks FDA approval in ANDA No. 211026 is macitentan 10 mg tablets.

49. The chemical name of the compound macitentan is one of the chemical names recited in Claim 11 of the '781 patent.

50. Separate and apart from certain contentions regarding patent validity, Seasons' Notice Letter with respect to the '015 patent does not identify any factual basis for, or any opinion of, noninfringement of Claims 1-2, 4, 9-10, 12, 14, 17-18, and 22-42 of the '015 patent.

51. Actelion commenced this action within 45 days of the date of Actelion's receipt of Seasons' Notice Letter with respect to the patents-in-suit.

## INFRINGEMENT

52. Actelion re-alleges paragraphs 1-51 as if fully set forth herein.

53. By seeking approval of ANDA No. 211026 to engage in the commercial manufacture, use, offer for sale, or sale within the United States, and/or importation into the United States, of the ANDA Product prior to the expiration of the patents-in-suit, Defendants have infringed the patents-in-suit under 35 U.S.C. § 271(e)(2)(A).

54. Upon information and belief, Defendants were aware that the submission of ANDA No. 211026 that included the Paragraph IV Certifications with respect to the patents-in-suit to the FDA constituted an act of infringement of the patents-in-suit.

55. Actelion is entitled to relief provided by 35 U.S.C. § 271(e)(4), including an Order of this Court that the effective date of the approval of ANDA No. 211026 be a date that is not earlier than the expiration date of the patents-in-suit, or any later expiration of any patent term extension or exclusivity for the patents-in-suit to which Actelion is or becomes entitled.

56. If Defendants commercially manufacture, use, offer to sell, or sell within the United States, and/or import into the United States, the ANDA Product prior to the expiration of the

patents-in-suit, Defendants would further infringe the patents-in-suit under 35 U.S.C. §§ 271(a), (b), and/or (c).

57. Upon information and belief, Defendants were aware that the commercial manufacture, use, offer for sale, or sale within the United States, and/or importation into the United States, of the ANDA Product before the expiration of the patents-in-suit would constitute an act of infringement of the patents-in-suit.

58. Actelion is entitled to a declaration that, if Defendants commercially manufacture, use, offer for sale, or sell the ANDA Product within the United States, import the ANDA Product into the United States, and/or induce or contribute to such conduct, Defendants will infringe the patents-in-suit under 35 U.S.C. §§ 271(a), (b), and/or (c).

59. Actelion will be irreparably harmed by Defendants' infringing activities unless those activities are enjoined by this Court. Actelion does not have an adequate remedy at law.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Actelion requests that the Court grant the following relief:

A. A Judgment decreeing that Defendants have infringed the patents-in-suit by submitting ANDA No. 211026 that included the Paragraph IV Certifications with respect to the patents-in-suit;

B. A permanent injunction pursuant to 35 U.S.C. § 271(e)(4)(B) or 35 U.S.C. § 283 restraining and enjoining Defendants, their respective directors, officers, agents, attorneys, affiliates, divisions, successors and employees, and those acting in concert with Defendants, from infringing the patents-in-suit by the commercial manufacture, use, offer for sale, or sale within the United States, and/or importation into the United States, of any drug product claimed in the patents-in-suit;

C. An Order pursuant to 35 U.S.C. § 271(e)(4)(A) decreeing that the effective date of any approval of ANDA No. 211026 be a date that is not earlier than the expiration date of the patents-in-suit, or any later expiration of any patent term extension or exclusivity for the patents-in-suit to which Actelion is or becomes entitled;

D. An award of monetary relief to the extent Defendants commercially manufacture, use, offer for sale, or sell within the United States, or import into the United States, any product that infringes, induces, or contributes to the infringement of the patents-in-suit within the United States prior to the expiration of the patents-in-suit, including any later expiration of any patent term extension or exclusivity for the patents to which Actelion is or becomes entitled, and that any such monetary relief be awarded to Actelion with prejudgment interest;

E. An Order decreeing that this case is exceptional, and that Actelion is entitled to reasonable attorneys' fees pursuant to 35 U.S.C. § 285; and

F. Such other and further relief as the Court may deem just and proper.

Dated: August 28, 2025

*Of Counsel*:

Preston K. Ratliff II
Bruce M. Wexler
Sarah E. Spencer
Jessica Stauring
PAUL HASTINGS LLP
200 Park Avenue
New York, NY 10166
(212) 318-6000

By:   */s/ Keith J. Miller*
Keith J. Miller
Bradley A. Suiters
ROBINSON MILLER LLC
Ironside Newark
110 Edison Place, Suite 302
Newark, NJ 07102
(973) 690-5400
kmiller@rwmlegal.com
bsuiters@rwmlegal.com

*Attorneys for Plaintiffs
Actelion Pharmaceuticals Ltd and
Actelion Pharmaceuticals US, Inc.*

## CERTIFICATION PURUSUANT TO
## LOCAL CIVIL RULES 11.2 & 40.1

I hereby certify that the matter in controversy involves the plaintiff Actelion Pharmaceuticals Ltd and a patent-in-suit (United States Patent No. 7,094,781) that were at issue in the matters captioned *Actelion Pharmaceuticals Ltd v. Zydus Pharmaceuticals (USA) Inc. et al.*, Civil Action No. 18-01397 (FLW)(LHG) (D.N.J.), *Actelion Pharmaceuticals Ltd v. Aurobindo Pharma USA Inc. et al.*, Civil Action No. 19-15437 (FLW)(LHG) (D.N.J.), and *Actelion Pharmaceuticals Ltd v. Laurus Labs Limited et al.*, Civil Action No. 20-13967 (FLW)(LHG) (D.N.J.). Those matters were filed on January 31, 2018, July 16, 2019, and October 5, 2020, respectively. They were dismissed by the Hon. Freda L. Wolfson, U.S.D.J. on September 22, 2020, July 15, 2020, and January 22, 2021, respectively.

I further certify that the matter in controversy involves the plaintiffs Actelion Pharmaceuticals Ltd and Actelion Pharmaceuticals US, Inc. as well as a patent-in-suit (United States Patent No. 7,094,781) that were at issue in the matters captioned *Actelion Pharmaceuticals Ltd et al. v. Alembic Pharmaceuticals Limited et al.*, Civil Action No. 23-01902 (SRC)(ESK) (D.N.J.), and *Actelion Pharmaceuticals Ltd et al. v. MSN Laboratories Private Limited et al.*, Civil Action No. 23-03371 (SRC)(ESK) (D.N.J.). Those matters were filed on April 4, 2023, and June 20, 2023, respectively. They were dismissed by the Hon. Stanley R. Chesler, U.S.D.J. on September 28, 2023 and November 14, 2023, respectively.

I further certify that the matter in controversy involves the plaintiffs Actelion Pharmaceuticals Ltd and Actelion Pharmaceuticals US, Inc. as well as the patents-in-suit (United States Patent Nos. 7,094,781 and 10,946,015) that were at issue in the matter captioned *Actelion Pharmaceuticals Ltd et al. v. Sun Pharmaceuticals Industries Limited et al.*, Civil Action No.

23-00116 (SRC) (D.N.J.). This matter was filed on January 10, 2023 and was dismissed by the Hon. Stanley R. Chesler, U.S.D.J. on December 11, 2023.

I further certify that the matter in controversy involves the plaintiffs Actelion Pharmaceuticals Ltd and Actelion Pharmaceuticals US, Inc. as well as a patent-in-suit (United States Patent No. 7,094,781) that were at issue in the matter captioned *Actelion Pharmaceuticals Ltd et al. v. Apotex Inc. et al.*, Civil Action No. 23-00734 (CFC) (D. Del.). This matter was filed on July 6, 2023 and was dismissed by the Hon. Colm Felix Connolly, U.S.D.J. on September 28, 2023.

I further certify that the matter in controversy involves the plaintiffs Actelion Pharmaceuticals Ltd and Actelion Pharmaceuticals US, Inc. and the patents-in-suit (United States Patent Nos. 7,094,781 and 10,946,015) that were at issue in the matter captioned *Actelion Pharmaceuticals Ltd et al. v. Mylan Pharmaceuticals Inc.*, Civil Action No. 23-00088 (TSK) (N.D.W. Va.). This matter was filed on November 7, 2023 and was dismissed by the Hon. Thomas S. Kleeh, U.S.D.J. on September 20, 2024.

I further certify that the matter in controversy involves the plaintiffs Actelion Pharmaceuticals Ltd and Actelion Pharmaceuticals US, Inc. as well as the patents-in-suit (United States Patent Nos. 7,094,781 and 10,946,015) that were at issue in the matter captioned *Actelion Pharmaceuticals Ltd et al. v. Torrent Pharmaceuticals Ltd. et al.*, Civil Action No. 24-03990 (ESK)(AMD) (D.N.J.). This matter was filed on March 19, 2024 and was dismissed by the Hon. Edward S. Kiel, U.S.D.J. on April 18, 2024.

I hereby certify that, to the best of my knowledge, the matter in controversy is not the subject of any other action pending in any court or of any pending arbitration or administrative proceeding.

| | |
|---|---|
| Dated:  August 28, 2025 | *s/ Keith J. Miller*<br>Keith J. Miller<br>Bradley A. Suiters<br>ROBINSON MILLER LLC<br>Ironside Newark<br>110 Edison Place, Suite 302<br>Newark, New Jersey  07102<br>(973) 690-5400<br><br>*Attorneys for Plaintiffs*<br>*Actelion Pharmaceuticals Ltd and*<br>*Actelion Pharmaceuticals US, Inc.* |